FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 1 9 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS LEROY WATTS | § | |
| VS. | § | CIVIL ACTION NO. 4:04cv233 |
| DIRECTOR, TDCJ-ID | § | |

## MEMORANDUM OPINION AND ORDER

On September 3, 2004, the court entered a Final Judgment dismissing this petition for writ of habeas corpus as successive. On October 7, 2004, petitioner filed a motion requesting an extension of time to file a notice of appeal.

### Plaintiff's Motion

In his motion, petitioner stated he needed an extension of time to file his notice of appeal because of the complexity of the issues in his case. He stated that as he is a layman with no legal training, he must learn about the law as he goes along.

### Analysis

As a general rule, a notice of appeal in a civil case must be filed within thirty days after the judgment is entered. FED. R. APP. P. 4(a)(1).[1] Upon a showing of excusable neglect or good cause, the district court may extend the time for filing a notice of appeal upon motion filed within thirty days after the

---

[1] The first sentence of Rule 4(a)(1) provides as follows: "Except as provided in paragraph (a)(4) of this Rule, in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from ...."

expiration of the time to file a notice of appeal.  FED. R. APP.
P.  4(a)(5).[2]

The Supreme Court has considered the meaning of "excusable
neglect" in an analogous context.  In *Pioneer Investment Services
Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380
(1993), the Court considered the meaning of "excusable neglect"
as that term is used in Bankruptcy Rule 9006(b)(1), which permits
a bankruptcy court to permit late filings of proofs of claims if
the movant's failure to comply with an earlier deadline was the
result of excusable neglect.  The Court rejected the argument
that excusable neglect was limited to errors caused by
circumstances beyond the party's control, concluding that
excusable neglect was an elastic concept which could include
inadvertent delays.  The Court did note that "inadvertence,
ignorance of the rules, or mistakes construing the rules do not
usually constitute 'excusable'" neglect."  507 U.S. at 392.  In
determining whether a party's neglect is excusable, the Court
emphasized that the nature of the inquiry is essentially
equitable and concluded that the determination should be made in
light of all relevant circumstances.  These circumstances could
include the danger of prejudice to the other party, the length of
delay and any potential impact on the judicial proceedings, the
reason for the delay and whether the movant acted in good faith.

---

[2]  The first and fourth sentences of Rule 4(a)(5) provide as follows:
"The district court, upon a showing of excusable neglect or good cause, may
extend the time for filing a notice of appeal upon motion filed not later than 30
days after the expiration of the time prescribed by this Rule 4(a). ... No such
extension shall exceed 30 days past such prescribed time or 10 days from the date
of the entry of the order granting the motion, whichever occurs later."

The standard for excusable neglect set forth in *Pioneer Investment Services* has been applied by courts to litigants seeking extensions of time to file a notice of appeal. *See United States v. Clark*, 51 F.3d 42 (5th Cir. 1995) (applying the standard to Federal Rule of Appellate Procedure 4(b) which deals with criminal cases); *see also City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041 (10th Cir. 1994) (applying the standard to Federal Rule of Appellate Procedure 4(a)); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501 (2nd Cir. 1994) (applying the standard to Rule 4(a)).

In this case, the delay in filing the motion for extension of time was not lengthy and the respondent is not likely to suffer prejudice as a result of the delay. Further it does not appear the delay will adversely affect the judicial proceedings or that petitioner was acting in bad faith in failing to timely file a notice of appeal. Therefore, these factors weigh in petitioner's favor.

However, the reason proffered by petitioner in support of his request for an extension of time is wholly inadequate. While petitioner may believe his case presents complex issues, the contents of a notice of appeal are not complex. Pursuant to Federal Rule of Appellate Procedure 3(c), a notice of appeal need only specify the party taking the appeal, the judgment being appealed and the court to which the appeal is being taken. Moreover, petitioner's *pro se* status does not excuse his failure

3

to comply with applicable rules of court. *United States v. Flores*, 981 F.2d 231, 235-36 (5th Cir. 1993); *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

After considering the applicable factors, the court is of the opinion petitioner has not shown excusable neglect. While most of the factors favor granting petitioner an extension of time, his reason for needing an extension of time weighs heavily against him and, in the final analysis, prevents the conclusion that petitioner has shown excusable neglect. Petitioner's motion for an extension of time to file a notice of appeal is therefore **DENIED**.

Petitioner has also filed a motion requesting a certificate of appealability. For the reasons set forth in the findings and conclusions previously adopted by the court, the court finds the issues raised by petitioner are not subject to debate among jurists of reason. As a result, petitioner has not made a substantial showing that the dismissal of his petition resulted in the denial of a constitutional right. The motion for a certificate of appealability is accordingly **DENIED**.

**SIGNED** this __19__ day of __May__, 2005.

_____
PAUL BROWN
UNITED STATES DISTRICT JUDGE

4